**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF UTAH, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TETERBORO R.AM.S., LLC, a New Jersey Limited Liability Company,<br><br>Defendant. | Civil Action No. 14-CV-00060 (JLL)(JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Bank of Utah ("Plaintiff")'s motion to dismiss Defendant Teterboro R.A.M.S. ("Defendant")'s counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court ordered the parties to show cause as to whether Avantair, Inc. ("Avantair") was acting as Plaintiff's agent when Avantair employed Defendant's services, and each party submitted briefing on this issue. The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.   BACKGROUND

On January 6, 2014, Plaintiff filed a five-count complaint against Defendant. (CM/ECF No. 1). In its complaint, Plaintiff claims that it is the registered owner of four Piaggio, Model Number P180 United States registered aircraft (collectively referred to as "Bank of Utah Aircraft"). (Compl. at ¶ 10). Plaintiff's Complaint asserts the following causes of action: (1)

Plaintiff seeks a declaratory judgment that certain liens be released; (2) Plaintiff seeks preliminary and mandatory injunction directing Defendant to release these liens; (3) fraud; (4) slander of title; and (5) violation of New Jersey and Federal lien law.

On January 21, 2014, Defendant submitted an answer and asserted various counterclaims. (Def.'s Counterclaim; CM/ ECF No. 7). According to Defendant, Plaintiff retained Avantair, Inc. ("Avantair"), as its agent to secure its fractional ownership interest and assume operational control over its aircraft. (Def.'s Counterclaim ¶ 1). Plaintiff allegedly purchased its fractional air interest from Avantair pursuant to agreements executed by Plaintiff entitled "Aircraft Interest Purchase Agreement" and "Management and Dry Lease Exchange Agreement" ("Program Documents"). (*Id.* ¶ 6, citing Def.'s Ex. A)[1]. Defendant's Counterclaims allege that Plaintiff Bank of Utah was the signatory on these agreements with Avantair. (*See generally* Def.'s Counterclaims). These Program Documents allegedly provided that the fractional owners including Plaintiff allowed the aircraft in the Avantair fleet to be used by any other owner of any other aircraft. (*Id.* at ¶ 7). Furthermore, Avantair assumed operational control over the aircraft, which included the scheduling of any necessary maintenance. (*Id.* at ¶ 8). Defendant alleges that Plaintiff and the other fractional owners remained liable for costs and expenses associated with maintaining their aircraft. (*Id.* at ¶ 2).

At some point around June 26, 2013, Avantair ceased operations. (*Id.* at ¶ 9). Defendant alleges that as of June 28, 2013, it was owed $454,303.62 for services provided on forty-one

---

[1] The Court may properly consider the attachment as Exhibit A to Defendant's Order to Show Cause Brief (CM/ECF No. 20; Def.'s Ex. A) without converting Plaintiff's motion to dismiss into one for summary judgment to the extent that the attachments are integral to Defendant's claims. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (observing "that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (bracketed text in original) (internal quotation marks and citations omitted). Defense Exhibit A provides that Plaintiff Bank of Utah holds title to the four aircraft as owner trustee for the benefit of four limited liability companies. (Def. Ex. A, 1). Defense Exhibit A further provides that "[the limited liability companies] are 100% beneficial owners of the Aircraft" and that "each of the [limited liability companies] had been a party to Aircraft Management Agreements with Avantair." (Def.'s Ex. A, 4).

2

aircraft, including the four aircraft owned by Plaintiff. (*Id.* at ¶ 5). Thereafter, on or about July 25, 2013, a petition for involuntary bankruptcy was filed against Avantair in the United States Bankruptcy Court for the Middle District of Florida. (*Id.* at ¶ 10). Defendant claims that it has yet to receive payment for the maintenance services performed on Plaintiff's aircraft. (*Id.* at ¶ 11).

Defendant asserts the following five counterclaims against Plaintiff: (1) breach of contract; (2) breach of implied contract; (3) breach of the implied covenant of good faith and fair dealing; (4) *quantum meruit*; and (5) unjust enrichment. Plaintiff now moves to dismiss Defendant's counterclaims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### III. LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### IV. DISCUSSION

Plaintiff moves to dismiss Defendant's counterclaims on the following bases: (1) that no contract exists between them; and (2) that Defendant fails to allege to any conduct or circumstances that would support an expectation of payment from Plaintiff, as opposed to the limited liability companies who were party to the Program Documents. (*See generally* Pl.'s Order to Show Cause Br, CM/ECF No. 21). Defendant counters that: (1) Avantair acted as Plaintiff's agent; and (2) Defendant had an objective basis for the expectation of payment from Plaintiff. (Def.'s Opp'n Br., CM/ECF No. 17, at 9-11). For the reasons discussed herein, the Court grants Plaintiff's motion to dismiss.

A. Rule 8(a)

As discussed above, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. Rule 8(a) requires that a complaint put the defendant on notice of the basis of the claims asserted against him. *See Twombly*, 550 U.S. at 555. The Court has carefully reviewed Defendant's Counterclaims, and finds that they fail to comply with the requirements of Rule 8(a).

In Defendant's Counterclaim, it alleges that Plaintiff, Bank of Utah, retained Avantair "as [its] agent…to assume operational control over their aircraft." (Def.'s Counterclaim ¶ 1). It also asserts that "Plaintiff…remained responsible for costs and expenses associated with maintaining their aircraft." (*Id.* at ¶ 2). At the core of these allegations is Defendant's assertion that Plaintiff "purchased [its] fractional air interested from Avantair, Inc. pursuant to [the Program Documents]." (*Id.* at ¶ 6). It is based on these Program Documents that Defendant alleges an agency relationship between Plaintiff and Avantair and a resulting expectation of payment from Plaintiff for maintenance services Defendant provided. (*See, e.g., id.* at ¶¶ 11-12). However,

4

Defendant clarifies throughout its brief filed in response to this Court's Order to Show Cause that the real signatories to the Program Documents were a holding company, the LW Air Owners. (*See, e.g.,* Def.'s Order to Show Cause Br., CM/ECF No. 20, at 2) ("The LW Air Owners were parties to a series of aircraft management agreements with Avantair . . . whereby the four aircraft were to be exclusively managed and operated by Avantair.")

Furthermore, Defendant attached as Exhibit A to its Order to Show Cause Brief submissions by the LW Air Owners in Avantair's bankruptcy proceeding.[2] Defendant quotes from Exhibit A in its Order to Show Cause Brief, and writes that it was actually the "LW Air Owners [who were] . . . 'parties to a series of aircraft management agreements with Avantair whereby the aircraft were to be exclusively managed by Avantair, and further, that Avantair was obligated to, among other things, maintain the aircraft in accordance to the terms of each management agreement.'" (CM/ECF No. 20, at 3). In light of the conflicting facts laid out in Defendant's Counterclaim Complaint and Exhibit A, and highlighted by Defendant in its briefing, this Court finds that Defendant's counterclaims do not contain sufficient factual matter showing that "the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. Crucially, Rule 8(a) requires that a complaint put the defendant on notice of the basis of the claims asserted against him. *See Twombly*, 550 U.S. at 555. The facts asserted in Defendant's counterclaim contradict facts in Exhibit A, which is integral to its Counterclaim Complaint, and the Complaint thereby

---

[2] The Court may properly consider Exhibit A (CM/ECF No. 20, Ex. A) without converting Plaintiff's motion to dismiss into one for summary judgment because it is integral to Defendant's counterclaims. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (observing "that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (bracketed text in original) (internal quotation marks and citations omitted). The Court may also consider documents in the public record, such as public court filings, on a motion to dismiss without converting it into one for summary judgment. *See Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 190 n.3 (3d Cir. 1999) (holding that a court may consider "matters of public record" on a motion to dismiss without converting the motion to one for summary judgment); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1996 (3d Cir. 1993) (recognizing that, in evaluating the facial plausibility of a complaint, "courts can generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.")

fails to contain a statement of the claim showing that it is entitled to relief from Plaintiff, Bank of Utah, as opposed to LW Air Owners. Exhibit A provides that "[LW Air Owners] are 100% beneficial owners of the Aircraft" and that "each of the [LW Air Owners] had been a party to Aircraft Management Agreements with Avantair." (CM/ECF No. 20, Ex. A, at 4). As there is no question that each count of a properly pled complaint *must* contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that the defendant is liable for that cause of action, *see Iqbal*, 556 U.S. at 678, Defendant's Counterclaim Complaint, as currently drafted, fails to comply with Rule 8(a). Accordingly, the Court grants Plaintiff's motion to dismiss Defendant's counterclaims. The Court dismisses without prejudice only to the extent Defendant is able to amend its Counterclaim Complaint to assert proper claims against Plaintiff, Bank of Utah.

## V.    CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion to dismiss as to all of Defendant's counterclaims *without prejudice*. Defendant may file an amended Counterclaim Complaint **on or before June** 30**, 2014**. An appropriate Order accompanies this opinion.

JOSE L. LINARES
U.S. DISTRICT JUDGE

Dated: May 29, 2014